## WILSON v. DANIELS et al.

1. **Homestead**: ABANDONMENT: FACTS CONSTITUTING. In this action to set aside a sheriff's sale of real estate on the ground that it was plaintiff's homestead, it appears that plaintiff ceased to occupy the property as a home about three years before the sale; that he directed the sheriff to levy on the property and sell it on execution; that he did not commence this action until about five years after the sale; and that the purchaser collected the rents for at least a portion of that time. *Held* that these facts, in connection with the fact that plaintiff and his wife established their home at another place before he commenced this action, constituted a clear case of abandonment, and justified a decree against him. The facts that when plaintiff removed from the house he left some carpets, window shades and the like, therein, and that three years after the sale he filed a claim of homestead in the property, and that he testified that he did not intend to abandon it, could not overcome his acts and declarations tending to show an abandonment.

2.  **Appeal:** ABSTRACT FILED TOO LATE. An appellee's abstract will not be stricken from the files because not filed within the time prescribed by the rules of this court, where it does not appear that the submission of the cause was delayed thereby.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FILED, JANUARY 28, 1890.

THIS is an action in equity by which the plaintiff seeks to set aside and annul a sheriff's deed for a house and lot in the city of Marion, upon the ground that said property is the homestead of the plaintiff, and that the judgment upon which it was sold by the sheriff was no lien upon the premises, and the same were exempt from levy and sale. A hearing was had upon the merits, and a decree was entered for the defendants. Plaintiff appeals.

*Rickel & Crocker*, for appellant.

*Thompson & Lanning*, for appellees.

ROTHROCK, C. J.—It appears from the record that the plaintiff was the owner of the property in controversy. That he was married in October, 1870, and that he commenced to reside in the house on the lot in controversy in the year 1871, and continued to occupy the same as a home until September or October, 1873, when he removed therefrom with his family, and boarded at a hotel, which was owned by him, until about the year 1879. During this period he ceased to be the owner of the hotel, and when it passed into other hands he made a claim that it was his homestead, and attempted to assert such claim by some sort of legal proceedings. Upon his removal from the hotel he changed his residence to the city of Cedar Rapids, where he has since resided with his family. His wife purchased a home in the last-named place in the year 1880, and plaintiff and his family have resided therein since that

time.   The property in controversy was sold at sheriff's sale in August, 1876, to A. Daniels, without redemption; and on the same day a sheriff's deed was made to said Daniels.   This action was commenced in April, 1881, and it was finally tried and disposed of in November, 1887.   It appears that a substituted petition was filed May 2, 1885, to which an answer was filed on the twenty-fifth day of the same month.   Another substituted petition was filed June 1, 1885.   It does not appear that any answer was filed to this last petition. There is some controversy between counsel as to this feature of the case.   We regard it as of no consequence whether an answer was filed to the last substituted petition or not.   It is not claimed that it presented any new issue.   If it did not, the answer then on file was sufficient.

The question to be determined is, was there an abandonment of the property in controversy as a home-

1. HOMESTEAD: abandonment: facts constituting.

stead at the time it was sold on execution? This is to be determined from the evidence. Without setting out the testimony in detail, we find that the following facts are established by a fair preponderance:   The plaintiff ceased to occupy the property as a home about three years before the sale.   He directed the sheriff to levy on the property and sell it on the execution.   He did not commence this action until about five years after the sale was made.   Daniels, the purchaser, collected the rents of the premises for at least part of that time.   We think that these facts, in connection with the fact that the plaintiff and his wife established their present home before he commenced this action, constitute a clear case of abandonment.   The fact that the plaintiff directed the levy to be made ought to preclude him from claiming any homestead right.   It is true that when the plaintiff removed from the house he left some property therein, such as carpets, window shades and the like, and that in 1879 he filed a claim of homestead in the county recorder's office, and had it recorded, and he

testifies that he did not intend to abandon his homestead. But this cannot be held to overcome his acts and declarations tending to show an abandonment.

The appellant presented a motion to strike the appellee's abstract from the files, because not filed within the time required by the rules of this court. The motion will be overruled.

**2. APPEAL:** abstract filed too late.

There is no showing that the submission of the cause was delayed by reason of the failure to file the abstract within the proper time. The decree of the district court will be AFFIRMED.